IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARCENIA M. OWENS, FIRST
AMENDMENT PRO SE, For: OWENS
PROPERTY MANAGEMENT, INC.,

      Plaintiff,

v.                                               Case No. 25-4091-JWB

GOPPERT STATE SERVICE BANK, *et al.*,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Rachel E. Schwartz's report & recommendation ("R&R") which recommends dismissal. (Doc. 11.) Plaintiff has not objected to the R&R and the time for doing so has now passed. The R&R is ADOPTED for the reasons stated.

**I.  Facts**

Plaintiff filed his complaint on September 8, 2025. (Doc. 1.) In it, Plaintiff is named as "Larcenia M. Owens, First Amendment Pro Se, For: Owens Property Management Company Inc., et al." (*Id*. at 1.) Plaintiff alleges Defendants violated his civil rights under 42 U.S.C. § 1983. (*Id*.) Plaintiff filed this lawsuit on behalf of Owens Property Management Company Inc., a corporation in which he has an "interest," and seeks damages on behalf of two business entities: "CFRET Co Inc, and Owens Property Management." (*Id*. at 4–5.) Plaintiff does not appear to be a licensed attorney and, even if he were, the docket does not reflect that he is admitted to practice law in this District. *See* D. Kan. Rule 83.5.1 (only attorneys admitted to practice in the District of Kansas or who are "duly admitted pro hac vice may appear or practice in this court"). On September 19, 2025, Magistrate Judge Schwartz entered a show cause order requiring Plaintiff to

1

(1) file an amended complaint that removes any causes of action brought on behalf of any corporate entity or (2) retain licensed counsel by October 10, 2025.  (Doc. 5.)  Plaintiff failed to do either.  Accordingly, on November 3, 2025, Magistrate Judge Schwartz entered this R&R recommending dismissal.

**II.    Standard**

Plaintiff was informed that he must object to the R&R within 14 days, and he has not done so.  "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court ....' ").

Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  And pro se plaintiffs must follow the same rules of procedure that govern represented litigants.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**III.   Analysis**

A business entity cannot be represented by Plaintiff who proceeds pro se.  "[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."  *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001); *Roscoe v. United States*, 134 F. App'x 226, 227 (10th Cir. 2005) ("[A]ppellants contend that the LLC can proceed pro se in this appeal. But it cannot. . . . [A] corporation may appear in

the federal courts only through licensed counsel." (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993))); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("[A] corporation must be represented by an attorney to appear in federal court."). Plaintiff was given an opportunity to cure this defect. (Doc. 5.) He did not. Accordingly, all claims brought by Plaintiff on behalf of a business entity are dismissed.

The court agrees with Magistrate Judge Schwartz that Plaintiff solely brought claims on behalf of business entities. (Doc. 5.) However, to the extent that Plaintiff intended to raise claims on his own behalf, his complaint fails to state a claim for which relief can be granted and violates Rule 8 of the Federal Rules of Civil Procedure. *See Sause v. Mid Am. Mgmt.*, No. 5:24-CV-04086-HLT-RES, 2025 WL 2172443, at *1 (D. Kan. July 31, 2025) ("The Court has an obligation to ensure that Plaintiff's operative complaint complies with Rule 8 and that neither the Court nor Defendants are forced to become her advocate by manufacturing her claims from a list of statutes, regulations, and untethered collective factual allegations."). Finally, the court finds no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")

### IV. Conclusion

The Magistrate Judge's R&R (Doc. 11) is ADOPTED as the findings and conclusions of this court. Plaintiff's complaint (Doc. 1) is hereby DISMISSED.

IT IS SO ORDERED. Dated this 12th day of December, 2025.

  s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE